LAW OFFICES OF ROBER F. BRENNAN, A P.C.
Robert F. Brennan, Esq. [S.B. #132449]
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiffs John and Sonja Valerie

FILED
2012 NOV 29 PM 2: 04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STAETS DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN and SONJA VALERIE, Individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, is a division of WELLS FARGO BANK, N.A; EXPERIAN INFORMATION SOLUTIONS INC, a business entity; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-10192 JAK (AJWx)<br><br>COMPLAINT FOR DAMAGES:<br><br>1. VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT;<br>2. VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br>3. VIOLATION OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED. |

Plaintiffs allege:

1. Plaintiffs JOHN and SONJA VALERIE ("Plaintiffs") are residents of the City of San Simeon, State of California.

---
COMPLAINT

2. Defendant WELLS FARGO HOME MORTGAGE is a division of WELLS FARGO BANK, N.A ("WELLS FARGO") doing business in the State of California, County of Los Angeles.

3. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (EXPERIAN) is a corporation doing business in the State of California, County of Los Angeles, as a credit-reporting agency.

4. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiffs are informed and believe and on that basis allege that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiffs, as set forth below and herein:

    a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

    b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

    c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

f) Said officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiffs are informed and believe, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiffs allege that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are in California Civil Code Section 3294(b), by each and every other Defendant herein used, whether named or fictitiously named.

### FIRST CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT BY WELLS FARGO AND DOES 1-10, INCLUSIVE]

6. Plaintiffs incorporate all preceding allegations as though alleged in full in

1  this cause of action.

2      7. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, WELLS FARGO and DOES 1-10, Inclusive, all qualify as "debt collectors".

    8. On or about August 8, 2012, Plaintiffs received an email from American Mortgage Group advising them that due to the foreclosure reporting as late as July 2012 on their credit profile they would not qualify for the mortgage loan they were applying for.

    9. On or about August 8, 2012, Plaintiffs discovered that WELLS FARGO was reporting to EXPERIAN that foreclosure proceedings had begun on their #708014599 WELLS FARGO mortgage account as recent as July 2012. This reporting of the foreclosure proceedings was inaccurate, specifically as to the date of the proceedings.

    10. On or about August 15, 2012, Plaintiff sent a dispute letter to WELLS FARGO and to EXPERIAN regarding WELLS FARGO account #708014599 erroneously appearing with the foreclosure proceedings beginning date of July 2012.

    11. On or about October 11, 2012, Plaintiff sent a dispute letter to EXPERIAN and to WELLS FARGO claiming that the WELLS FARGO mortgage account was reporting with the wrong foreclosure proceedings date.

    12. Since the appearance of the erroneous dates on their credit reports, Plaintiffs have repeatedly disputed them with WELLS FARGO and EXPERIAN.

    13. On information and belief, EXPERIAN transmitted a consumer dispute verification form to WELLS FARGO concerning Plaintiff's disputes, thereby triggering WELLS FARGO'S legal obligations to reinvestigate under the Fair Credit Reporting Act. Based on account update information as contained in

4
COMPLAINT

Plaintiff's credit reports, such exchange of consumer dispute verification information between WELLS FARGO and one or more of the credit bureaus occurred several times between March 2012 and October 2012.

14. Plaintiffs have made several calls and have sent correspondence to no avail. WELLS FARGO has repeatedly ignored Plaintiffs' numerous requests to correct their credit profile.

15. Mortgage lenders like WELLS FARGO know that consumers cannot easily switch from one lender to another without time, effort and substantial costs. Their actions continue to haunt Plaintiffs, causing them loss of expectancy, opportunity, and other tangible damages. WELLS FARGO has continued to erroneously report the foreclosure proceedings date on their mortgage account. WELLS FARGO credit-reported Plaintiffs to EXPERIAN although WELLS FARGO knew, or should have known with any reasonable inquiry, that the derogatory credit reporting was unjustified.

16. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. WELLS FARGO and DOES 1-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e, including but not limited to the following: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Defendants WELLS FARGO and DOES 1-10, Inclusive, also communicated the foreclosure beginning dates to the credit bureaus, as alleged above, although these defendants knew or should have known that the information was both false and disputed. Further, WELLS FARGO and DOES 1-10, Inclusive, misrepresented the character, dates and legal status of the debt both to Plaintiffs

and to the credit bureaus. This is but a partial list of debt collection violations and Plaintiffs reserve the right to allege additional violations as these become known.

17. As a result of these violations of the California Fair Debt Collection Practices Act by WELLS FARGO and DOES 1-10, Inclusive, Plaintiffs have suffered general and special damages according to proof, and are entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these defendants for conduct amounting to oppression and malice under California law. In addition, Plaintiffs are entitled to attorney's fees, costs and expenses.

## SECOND CAUSE OF ACTION
## [VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST WELLS FARGO AND DOES 1-10]

18. Plaintiffs incorporate all preceding paragraphs as though alleged in full in this cause of action.

19. In falsely credit reporting the Plaintiffs in spite of multiple disputes and numerous chances to correct the credit reporting, defendants WELLS FARGO and DOES 1-10, Inclusive, have violated the California Consumer Credit Reporting Agencies Act, Civ. Code Section 1785 et seq.

20. Defendants, and each of them, willfully violated the provisions of the Consumer Credit Reporting Agencies Act in *at least* the following respects: by furnishing information on a specific transaction or experience to consumer credit reporting agencies when WELLS FARGO and DOES 1-10, Inclusive, knew or should have known that the information was incomplete or inaccurate.

21. As a proximate result of the actions of the Defendants, and each of them, Plaintiffs have been damaged in an amount which will be proven at time of

trial. As provided under the cited law, Plaintiffs are entitled to actual damages, loss of wages, loss of loan opportunities and real estate opportunities, pain and suffering, punitive damages, penalties, costs and attorney fees.

22. Plaintiffs allege that defendants WELLS FARGO and DOES 1-10, Inclusive, and each of them, acted willfully towards the plaintiffs and towards others similarly situated. Specifically, WELLS FARGO and DOES 1-10, Inclusive, knowingly have inefficient procedures for correcting their collection files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of false credit reporting. WELLS FARGO and DOES 1-10, Inclusive, in fact profit from false credit reporting in that consumers, such as Plaintiffs, caught in the snare of false credit reporting cannot refinance debt at more favorable rates, all to WELLS FARGO's profit. Further, Plaintiffs provided WELLS FARGO with ample and repeated notices of the falsity of the derogatory credit information, and WELLS FARGO did not rectify the false credit reporting despite ample notice and ample opportunities to do so, all the while harming Plaintiffs and their financial and emotional wellbeing.

## THIRD CAUSE OF ACTOIN

[VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

23. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

24. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except EXPERIAN who is a "consumer reporting agency" as that term is defined in 15

U.S.C. Section 1681a (f).

25. On or about August 8, 2012, Plaintiffs discovered that they would not qualify for a home loan modification due to WELLS FARGO reporting a foreclosure date as recent as July 2012, resulting in the false and inaccurate derogatory marks remaining on their credit report for much longer than would have been necessary had defendants maintained proper records against which to check derogatory credit reports.

26. On several occasion Plaintiffs requested that the WELLS FARGO mortgage account be reviewed and investigated to remove the inaccurate foreclosure proceedings start dates to no avail. As previously alleged, plaintiffs also disputed with the credit bureaus, which in turn communicated such disputes to WELLS FARGO, thereby triggering WELLS FARGO'S duties under 15 U.S.C. Section 1681s-2 (b).

27. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from their credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

28. Within the past year, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the

incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently failing to provide notice to plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

g. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute with WELLS FARGO, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

29. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff are entitled to actual damages, loss of wages, pain and suffering, punitive damages, penalties, costs and attorney fees.

30. Plaintiff alleges that defendants, and each of them, acted with fraud, oppression and malice towards the Plaintiff and towards others similarly situated. Specifically, defendants WELLS FARGO, EXPERIAN and DOES 1-10, Inclusive, deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. WELLS FARGO, EXPERIAN and DOES 1-10, Inclusive, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems

intimidate consumers and are set up maliciously to cause oppression to consumers, so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiffs prays for judgment as follows:
1. For general and special damages according to proof at trial;
2. For punitive damages;
3. For statutory penalties where allowed by suit;
4. For attorney's fees;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL.**

Dated: 27 Nov. 12      LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorney for Plaintiffs

10
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 10192 JAK (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JOHN and SONJA VALERIE, Individuals; | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-10192 JAK (AJWx) |
| WELLS FARGO HOME MORTGAGE, is a division of WELLS FARGO BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS INC, a business entity; and DOES 1-10, Inclusive, DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan_____, whose address is _3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __NOV 29 2012__    By: __MARILYN DAVIS__
                              Deputy Clerk

                              (Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOHN and SONJA VALERIE, Individuals;

**DEFENDANTS**
WELLS FARGO HOME MORTGAGE, is a division of WELLS FARGO BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS INC, a business entity; and DOES 1-10, Inclusive,

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
San Luis Obispo

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta, CA 91214 Telephone 818-249-5291

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | | |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**CV12-10192**

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)  CIVIL COVER SHEET  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
　San Luis Obispo, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
　EXPERIAN - Ohio
　WELLS FARGO - United States

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
　Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   Nov. 28, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |