UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV12-10192 JAK (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | John Valerie, et al. v. Wells Fargo Home Mortgage, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (DKT. 32)

Plaintiffs, John Valerie and Sonja Valerie ("Plaintiffs"), have brought this action against Defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), alleging that Wells Fargo inaccurately reported the date of Plaintiffs' foreclosure proceedings, causing American Mortgage Group ("American Mortgage") to reject Plaintiffs' home loan application. Plaintiffs advance two causes of action in their First Amended Complaint (the "FAC"): (i) a violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), against Wells Fargo; and (ii) a violation of the Fair Credit Reporting Act ("FCRA"), against Wells Fargo and Experian. Dkt. 31.

On June 24, 2013, the Court heard oral argument on Wells Fargo's motion to dismiss the FAC (the "Motion"). For the reasons stated in this Order, the Motion is DENIED.

1.  Factual and Procedural Background

Plaintiffs allege that they have a mortgage account with Wells Fargo. FAC ¶ 9, Dkt. 31. According to the allegations in the FAC, on August 8, 2012, Plaintiffs received an email from American Mortgage informing them that they would not qualify for a home loan "due to the foreclosure reporting as late as July 2012 on their credit profile." *Id.* at ¶¶ 8, 25. The FAC also alleges that, on the same day, Plaintiffs discovered that Wells Fargo had reported to Experian that foreclosure proceedings began on the Wells Fargo mortgage account as recently as July 2012. *Id.* at ¶ 9. Plaintiffs claim that the July 2012 date is inaccurate. *Id.* at ¶ 9. They allege that foreclosure proceedings occurred in 2009 and "were resolved without a foreclosure actually being completed." *Id.* at ¶ 11. However, at oral argument, in response to the position of counsel for Wells Fargo, Plaintiffs' counsel conceded that this allegation was inaccurate; the foreclosure process actually was completed in 2009. Plaintiffs further allege that, on August 15, 2012 and October 11, 2012, Plaintiffs sent letters to Wells Fargo and Experian regarding the alleged inaccuracy. *Id.* at ¶¶ 10, 11. The complaint further alleges that Experian transmitted a "consumer dispute verification form" to Wells Fargo concerning the issues raised by Plaintiffs, and that "such exchange of consumer dispute verification information" between Wells Fargo and one or more credit reporting agencies occurred multiple times between March and October 2012. *Id.* at ¶ 13. Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-10192 JAK (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | John Valerie, et al. v. Wells Fargo Home Mortgage, et al. | | |

claim that Wells Fargo repeatedly has ignored their requests to correct their credit profile. *Id.* at ¶ 14.

Plaintiffs filed the initial complaint in this action on November 29, 2012. Dkt. 1. That complaint advanced three causes of action: (i) a violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), against Wells Fargo; (ii) a violation of the CCRAA, against Wells Fargo; and (iii) a violation of the FCRA, against Wells Fargo and Experian. *Id.* On April 9, 2013, the Court dismissed all three causes of action with leave to amend. Dkt. 27. The Court's order stated that the first cause of action failed because Plaintiffs failed to plead that Wells Fargo was a "debt collector" as defined under the RFDCPA. *Id.* It further stated that the second cause of action failed because it did not state that it was based on Cal. Civ. Code § 1785.25(a). *Id.* Finally, the order stated that the third cause of action failed because it did not state that it was based only on claims arising under 15 U.S.C. § 1681s-2(b). *Id.* The FAC was filed on April 12, 2013. Dkt. 31. Plaintiffs have repleaded the causes of action under the CCRAA and FCRA, but not the one under the RFDCPA. *Id.* On April 29, 2013, Wells Fargo filed a motion to dismiss both causes of action advanced in the FAC. Dkt. 32.

2. <u>The Parties' Arguments</u>

Wells Fargo argues that the FAC's first cause of action should be dismissed because: (i) Plaintiffs fail to allege facts sufficient to suggest that the July 2012 date was improperly reported; (ii) Plaintiffs' allegations suggest that their own default was the reason for the alleged misreporting and for their failure to qualify for another loan, leaving Plaintiffs without a proper basis for any claim to damages; and (iii) even if the allegations in the FAC are true, Plaintiffs have failed to show that any failure to investigate and correct by Wells Fargo could have caused the credit denial that occurred *before* Plaintiffs first notified Wells Fargo of the alleged error. Wells Fargo also argues that the second cause of action should be dismissed because: (i) Plaintiffs fail specifically to allege the requisite notification by the consumer credit reporting agency; (ii) Plaintiffs fail to identify the exact portions of the FCRA that they claim have been violated; (iii) Plaintiffs do not dispute that they were in default; and (iv) Plaintiffs have not alleged an injury resulting from the alleged violation.

Plaintiffs argue that Wells Fargo has reargued issues that the Court already addressed on the first motion to dismiss, and that Plaintiffs have properly amended their pleadings in light of the Court's prior order. With respect to the first cause of action, Plaintiffs argue further that: (i) the FAC states when the foreclosure proceedings actually occurred; (ii) Plaintiffs have pleaded their claim with enough specificity; and (iii) Plaintiffs have properly pleaded damages. With respect to the second cause of action, Plaintiffs argue that: (i) they have sufficiently alleged the requisite notification; (ii) they have adequately alleged violations of a specific statute; and (iii) their allegations of damages are sufficient.

3. Analysis

   a. <u>Plaintiffs Have Addressed the Court's Prior Order</u>

Plaintiffs have complied with the instructions in the Court's prior order, which dismissed all three original causes of action with leave to amend. *First*, Plaintiffs have chosen to not replead their cause of action under the RFDCPA. *Second*, Plaintiffs have amended their complaint to reflect that the CCRAA cause of action is based specifically on Cal. Civ. Code § 1785.25(a). *See* FAC ¶ 20 ("This conduct specifically

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-10192 JAK (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | John Valerie, et al. v. Wells Fargo Home Mortgage, et al. | | |

violates Cal. Civ. Code Section 1785.25 (a)."). *Third*, Plaintiffs have amended their complaint to reflect that they are pursuing their FCRA cause of action under 15 U.S.C. § 1681s-2(b). *See* FAC ¶ 24A ("Plaintiffs specifically pursue this action under 15 U.S.C. Section 1681s-2 (b) as to WELLS FARGO and DOES 1-10, Inclusive.").

  b. The First Cause of Action is Properly Pleaded

The cause of action for alleged violations of the CCRAA falls specifically under Cal. Civ. Code § 1785.25(a), which states: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Plaintiffs have adequately pleaded a violation of § 1785.25(a). Plaintiffs have alleged that: (i) Wells Fargo furnished information to Experian indicating that foreclosure proceedings had begun on Plaintiffs' mortgage account as recently as July 2012; (ii) the information was inaccurate, because foreclosure proceedings actually occurred three years earlier; and (iii) Plaintiffs knew or should have known that the information was inaccurate. *See* FAC ¶¶ 9, 11, 22.

Wells Fargo has cited two cases, *Quinlan v. Citimortgage, Inc.*, No. 2:11-cv-00986-MCE-EFB, 2011 WL 5299311 (E.D. Cal. Nov. 2, 2011), and *Palestini v. Homecomings Fin., LLC*, No. 10CV1049-MMA, 2010 WL 3339459 (S.D. Cal. Aug. 23, 2010), for the proposition that Plaintiffs' allegation are deficient because they lack specificity. But those cases are not persuasive under the circumstances presented in this action. In *Quinlan*, the operative complaint was "silent with respect to the details of any information provided to credit reporting agencies for purposes of establishing liability under the CCRAA" and "devoid of any damages suffered by Plaintiffs as a result of the alleged CCRAA violations." 2011 WL 5299311 at *3. In *Palestini*, "Plaintiffs appear[ed] to concede that they [did] not know what Defendants reported to the credit reporting agencies" and "Plaintiffs' CCRAA claim [was] based on pure speculation." 2010 WL 3339459 at *12. Here, neither of these circumstances is present; Plaintiffs have provided detailed allegations concerning the alleged misinformation provided to Experian by Wells Fargo.

In addition, Plaintiffs have sufficiently alleged damages. *See* FAC ¶ 21 ("Plaintiffs have been damaged in an amount which will be proven at time of trial . . . Plaintiffs are entitled to actual damages, loss of wages, loss of loan opportunities and real estate opportunities, pain and suffering, punitive damages, penalties, costs and attorney fees"). Wells Fargo's argument regarding causation – that any failure to investigate and correct by Wells Fargo could not possibly have caused the credit denial that occurred *before* Plaintiffs first notified Wells Fargo of the alleged error – has no merit. As is evident from the plain language of the statute, § 1785.25(a) concerns the reporting of the misinformation, not the timing of the notification and the subsequent investigation. Thus, whether the alleged misreporting caused damages is a factual issue that is not appropriate for resolution on this Motion.

For these reasons, the Motion is DENIED as to the first cause of action.

  c. The Second Cause of Action is Properly Pleaded

The second cause of action, for alleged violation of the FCRA, falls specifically under 15 U.S.C. § 1681s-2(b), which provides, in part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-10192 JAK (AJWx) | Date | June 25, 2013 |
| Title | John Valerie, et al. v. Wells Fargo Home Mortgage, et al. | | |

(b) Duties of furnishers of information upon notice of dispute
(1) In general
After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

The FAC specifically alleges that "[o]n information and belief, EXPERIAN transmitted one or more consumer dispute verification forms to WELLS FARGO concerning Plaintiff's disputes, thereby triggering WELLS FARGO'S legal obligations to reinvestigate under the Fair Credit Reporting Act." *See* FAC ¶ 13. Wells Fargo cites *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal. 2005), for the proposition that Plaintiffs' allegations lack the requisite specificity. But, that case is premised on different facts and circumstances than those presented in this action. In *Howard*, the court found that the "conclusory allegation" that "[d]efendants Blue Ridge, Credit Protection and Wells Fargo received notice of plaintiff's dispute from Equifax, Experian, Intersection and Trans Union and [willfully] failed to comply with the requirements of 15 U.S.C. § 1681s–2" was "insufficient as to defendants' willful noncompliance with the FCRA." 371 F. Supp. 2d at 1143 (brackets in original). For these reasons, the court dismissed that part of the claim with leave to amend. *Id.* The court further found, with respect to a motion for a more definite statement, that "plaintiff must specifically identify which defendants engaged in each alleged violation of the FCRA." *Id.* at 1147. Here, Plaintiffs' allegations are not conclusory. As noted, Plaintiffs have adequately pleaded that one specific credit reporting agency notified one specific furnisher of information. Plaintiffs also have adequately pleaded violations of the statute, including "willfully and negligently failing to conduct a reasonable investigation" and "willfully and negligently failing to correct . . . information." *See* FAC ¶¶ 28(b), 28(d).

Finally, with respect to damages, Plaintiffs have sought "statutory penalties where allowed by suit." *See* FAC Prayer for Relief. Statutory damages may be recoverable under 15 U.S.C. 1681n. *See, e.g.*, *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1063-64 (N.D. Cal. 2004) ("[P]laintiff seeks statutory damages under 15 U.S.C. § 1681n, which provides damages for any violation under this subchapter, including § 1681s–2(b). Therefore, plaintiff pled damages as part of his § 1681s–2(b) claim."). Plaintiffs

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-10192 JAK (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | John Valerie, et al. v. Wells Fargo Home Mortgage, et al. | | |

also seek other, general damages. *See* FAC ¶ 29 ("Plaintiff has been damaged in an amount which will be proven at time of trial . . . Plaintiff are [sic] entitled to actual damages, loss of wages, economic damages, pain and suffering, punitive damages, penalties, costs and attorney fees."); FAC ¶ 30 (the alleged actions caused harm to Plaintiffs' "financial and emotional wellbeing"). As with the first cause of action, whether a violation of the FCRA caused damages is a factual issue not appropriate for resolution on this Motion.

For these reasons, the Motion is DENIED as to the second cause of action.

4.  <u>Conclusion</u>

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak